IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CHRISTOPHER D. SWEENY**                                                                PLAINTIFF

v.                                         CASE NO. 4:22-CV-00493-BSM

**CITY OF PINE BLUFF, ARKANSAS**                                                  DEFENDANT

### ORDER

The City of Pine Bluff's motion for summary judgment [Doc. No. 20] is granted and Christopher Sweeny's complaint is dismissed with prejudice.

### I. BACKGROUND

Sweeny was a police officer with the Pine Bluff Police Department from 2013 until he was terminated in 2021. Pl.'s Resp. Def. Statement Undisputed Facts ¶¶ 1, 34, Doc. No. 29 ("Sweeny Facts"). He was investigated for dishonesty in 2017 for taking sick leave so he could take a physical examination for another agency. *Id.* ¶ 47. Later that year, he was reprimanded for accidentally shooting his gun. *Id.* ¶ 48. In 2018, he was suspended for abusing sick leave, *id.* ¶ 49, and he was also suspended for leaving his patrol car running while getting a haircut, Reprimand Letter, Doc. No. 22-3 at 12. He was notified that additional violations could result in termination. *Id.*

In September of 2021, Sweeny met two women, Lamyka Jackson and Kimberly Martin, at the bar of a local casino. Sweeny Facts ¶¶ 10–11. While Sweeny was dancing with Jackson, an employee of the casino, he pulled down her blouse and licked her breast. *Id.* ¶ 15; Interview of Christopher Sweeny, Doc. No. 22-2 at 18 (admitting he sucked her

nipple). This was not only captured on the casino's surveillance video, but it was also recorded by Jackson and uploaded to Snapchat. Video of Casino Surveillance, Doc. No. 24; Sweeny Facts ¶ 16. Later that evening, a casino employee heard Sweeny and Martin in the stall of the men's room, making sounds that caused him to conclude that they were having sex. The casino employee called his supervisor who also concluded that Sweeny and Martin were having sex. Interview of Donald Anderson 1–2, Doc. No. 22-11; Br. Opp'n Mot. Summ. J. 4–5, Doc. No. 31; Incident Report, Doc. No. 22-12. Sweeny denies having sex with Martin, and states that he followed her into the men's room to help her clean up because she was throwing up. Br. Opp'n Mot. Summ. J. 5.

The casino fired Jackson and banned Sweeny from all of its properties because of these incidents. Sweeny Facts ¶¶ 22–24. The police department launched an investigation after the casino notified them of what happened. *Id.* ¶ 25. Following the investigation, two of the officers serving on the police department's professional standards panel recommended a ten-day suspension, and a third officer recommended a thirty-day suspension. Sweeny Facts ¶ 40. The interim police chief rejected the recommendations and fired Sweeny. Termination Letter, Doc. No. 22-3 at 14.

Sweeny is suing for race and sex discrimination and the City of Pine Bluff is moving for summary judgment.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P.

56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986). Once the moving party shows that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in his pleadings. *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute requiring a trial. *Id.* All reasonable inferences must be drawn in a light most favorable to the non-moving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). The evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008). There is no "discrimination case exception" to the application of summary judgment, which is a useful pretrial tool to determine whether any case, including one alleging discrimination, merits a trial. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1043 (8th Cir. 2011) (en banc).

### III. DISCUSSION

Summary judgment is granted because Sweeny has failed to make out a prima facie case of discrimination. Even if he had done so, the city has provided a legitimate, non-discriminatory reason for terminating him.

Sweeny has failed to show direct evidence of discrimination, so he must present indirect evidence inferring that the city discriminated against him. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 807 (1973). To meet his burden, Sweeny must establish a prima facie case of discrimination. *Id.* at 802. If he does so, the burden shifts to the city to articulate a legitimate, non-discriminatory reason for terminating him. *Id.* If the city meets this burden, Sweeny must show that the justification for his termination is merely pretext for

discrimination. *Id.* at 804.

    A.    <u>Prima Facie Case</u>

To make out a prima facie case of discrimination, Sweeny must show: (1) he is a member of a protected class; (2) he met the city's legitimate expectations; (3) he suffered an adverse employment action; and (4) discrimination can be inferred from the circumstances. *Watson v. McDonough*, 996 F.3d 850, 855 (8th Cir. 2021).

Sweeny cannot show he met the city's legitimate expectations. This is true because he engaged in lewd public acts that were unbecoming of a police officer. Although he was off duty, as a police officer, he was expected to uphold the law, not to publicly violate it. PBPD Policy and Procedures Manual, Doc No. 22-7; *see Crain v. Board of Police Comm'rs of Metro. Police Dep't of City of St. Louis*, 920 F.2d 1402, 1409 (8th Cir. 1990) (citation omitted) (holding that a city "may demand of its police officers a more exacting standard of conduct than it could validly impose by criminal statute on citizens in general"); *see also Wild v. U.S. Dep't of Housing & Urban Dev.*, 692 F.2d 1129, 1133 (7th Cir. 1982) ("where an employee's off-duty behavior is blatantly inconsistent with the mission of the employer and is known or likely to become known, most any employer, public or private, however broadminded, would want to fire the employee and would be reasonable in wanting to do so"); *Rollison v. Gwinnett Cnty.*, 865 F. Supp. 1564, 1572–73 (N.D. Ga. 1994) (no discrimination where police officer was discharged for off-duty misconduct).

Pulling down a casino employee's blouse and sucking her breast in public is a violation of Arkansas law. Ark. Code Ann. § 5-14-111(a)(3) (prohibiting sexual contact in

a public place); *Fountain v. State*, 285 S.W.3d 706, 709 (Ark. Ct. App. 2008) (discussing § 5-4-111 and sex offender registration). This does not even take into consideration the fact that two casino employees confronted him and a woman in a stall in the men's restroom engaging in, what they believed, was sexual intercourse. *See McCullough v. Univ. of Ark. for Med. Scis.*, 559 F.3d 855, 861–62 (8th Cir. 2009) (citing *Hitt v. Harsco Corp.*, 356 F.3d 920, 924 (8th Cir. 2004); *Scroggins v. Univ. of Minn.*, 221 F.3d 1042, 1045 (8th Cir. 2000)) ("The critical inquiry in discrimination cases like this one is not whether the employee actually engaged in the conduct for which he was terminated, but whether the employer in good faith believed that the employee was guilty of the conduct justifying discharge.").

For these reasons, Sweeny has failed to make out a prima facie case of discrimination.

B.    Legitimate, Non-Discriminatory Reason for Termination

Even if Sweeny could make out a prima facie case, the city has provided a legitimate, non-discriminatory reason for terminating him: conduct unbecoming of an officer, denial of responsibility, and his significant prior disciplinary history. Termination Letter, Doc. No. 22-3 at 14; *see Kiel v. Select Artificals, Inc.*, 169 F.3d 1131, 1135 (8th Cir. 1999) (en banc) (violating a company policy is a legitimate reason for termination).

C.    Pretext

Sweeny could show pretext by presenting evidence that the interim police chief did not fire other police officers with similar disciplinary backgrounds who engaged in similar conduct. *Johnson v. Securitas Sec. Servs. USA, Inc.*, 769 F.3d 605, 613 (8th Cir. 2014) (en banc). The employees submitted for comparison must be similar in all relevant respects. *Id*.

The test is a rigorous one. *Burton v. Ark. Sec'y of State,* 737 F.3d 1219, 1230 (8th Cir. 2013). It requires comparators to have dealt with the same supervisor and to have engaged in the same conduct without any mitigating or distinguishing circumstances. *Id.*

Sweeny lists seven comparators as evidence of pretext, but none of these comparators are similarly situated.

First and second, two of these comparators, Brad Vilches and Derrell Ray, retired before their investigations were completed. This makes disciplinary decisions for these two individuals impossible to compare. *See Brooks v. City of Pekin*, No. 18-CV-1334, 2023 WL 3355320, at *20 (C.D. Ill. May 10, 2023), *aff'd*, 95 F.4th 533 (7th Cir. 2024) (officer was "not a suitable comparator because he, retired before any final discipline could be determined").

Third, Sydney Dowd, a black female, was disciplined for an internal procedural violation rather than external, public-facing misconduct. Fourth, Robert Vilches, was disciplined for being disrespectful to a superior officer. The actions of these two comparators is much less serious than Sweeny's actions. *See Harvey v. Anheuser-Busch, Inc.*, 38 F.3d 968, 972 (8th Cir. 1994) (misconduct of more leniently disciplined employees must be of comparable seriousness).

Fifth, LaKendra Williams, a black female, was suspended for thirty days by another police chief for damaging her child's father's car. Williams is not a valid comparator because she had a different supervisor and did not engage in the same conduct as Sweeny. *See Bone v. G4S Youth Servs., LLC*, 686 F.3d 948, 956 (8th Cir. 2012).

Sixth and seventh, both of the remaining two comparators are accused of theft, which are serious allegations. Specifically, Cassandra Briggs-Kelley, a black female, is accused of stealing funds from clients while running a tax preparation business. She is currently under investigation. Whitney Bradley, another black female, admitted to capping a bet in order to win twice the amount of money she should have at the local casino. She paid the money back and had no prior disciplinary history with the department. Despite the seriousness of these allegations, neither of these two comparators are sufficiently similar because they did not engage in conduct similar to Sweeny's conduct. *See Kent v. Iowa*, 651 F. Supp. 2d 910, 951 (S.D. Iowa 2009) (non-sexual misconduct, while serious, is not sufficiently similar to allegations of a sexual nature). Although the formula for determining whether individuals are similarly situated does not require finding "a precise clone," *Ridout v. JBS USA, LLC*, 716 F.3d 1079, 1085 (8th Cir. 2013), no reasonable jury, looking objectively at the incidents, could think them roughly equivalent and find that Briggs-Kelley and Bradley are similarly situated to Sweeny. Indeed, "apples should be compared to apples," *March v. Frey*, 458 F. Supp. 3d 16, 37 (D. Me. 2020) (citation omitted), and "the employment-discrimination laws have not vested in the federal courts the authority to sit as super-personnel departments reviewing the wisdom or fairness of the business judgment made by employers," *Hutson v. McDonnell Douglas Corp.*, 63 F.3d 771, 781 (8th Cir. 1995). Additionally, Briggs-Kelley's "ongoing investigation may be a legitimate basis to exclude [her] as a comparator" because the allegations against Briggs-Kelley require a more thorough analysis and nothing in the record shows that Briggs-Kelley's investigation has been purposefully delayed in order to

show her favoritism above Sweeny. *Miskill v. Soc. Sec. Admin.*, 863 F.3d 1379, 1384 (Fed. Cir. 2017). Bradley is also not similarly situated because her disciplinary history is not similar to Sweeny's. *See Perkins v. Brennan*, 709 F. App'x 408, 409 (8th Cir. 2018) (unpublished per curiam) (citing *Forrest v. Kraft Foods, Inc.*, 285 F.3d 688, 691–92 (8th Cir. 2002)).

Accordingly, Sweeny cannot show that the justification for his termination is merely pretext for discrimination.

### IV. CONCLUSION

For the foregoing reasons, the City of Pine Bluff's's motion for summary judgment is granted and Sweeny's complaint is dismissed with prejudice.

IT IS SO ORDERED this 17th day of December, 2024.

*/s/ Brian S. Miller*
UNITED STATES DISTRICT JUDGE